GEORGE EBBITT, Respondent, *v.* EDWARD F. MILLIKEN and FOSTER MILLIKEN, Appellants.

*Negligence — liability of the master for an injury arising from the use of a snubbing post insufficient to resist the strain put upon it — how far its selection is a detail of the work.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, it appeared that the plaintiff was one of a gang of laborers employed by the defendants in the work of hoisting material for use in the construction of a building; that the hoisting was done by means of a derrick and that, to steady the object being moved, a line called a " snub line " was attached thereto and placed under the control of a laborer; that when the weight of the object was too great to enable the laborer to control its movements unassisted he would take a turn around what was known as a " snubbing post; " that on the occasion in question the foreman of the gang of laborers told the laborer in charge of the " snub line " to take a " snub " around a steel door frame; that as the object was being moved the door frame was pulled over and struck the plaintiff on his leg injuring him.

The action was brought upon the theory that under section 18 of the Labor Law (Laws of 1897, chap. 415) the defendants were liable for a failure to furnish a sufficient "snubbing post."

On the trial a great preponderance of evidence was given to the effect that permanent " snubbing posts " are not always provided by the master, and that it is customary for the man in charge of the "snub line" to use as a "snubbing post" any object which he deems sufficient for that purpose. It also appeared that the defendants had furnished appliances and materials with which permanent " snubbing posts " could have been erected if necessary.

*Held,* that a judgment entered upon a verdict in favor of the plaintiff should be reversed on the ground that it was against the great weight of evidence which showed that the selection of the steel frame for "snubbing" purposes was a detail of the work, and that the defendants were not liable for a mistake of judgment on the part of the foreman in directing a "snub" to be taken around an object which proved to be insufficient to resist the strain placed upon it.

APPEAL by the defendants, Edward F. Milliken and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of March, 1904, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 26th day of February, 1904, denying the defendants' motion for a new trial made upon the minutes.

*John Vernou Bouvier, Jr.,* for the appellants.

*Stillman F. Kneeland,* for the respondent.

First Department, April, 1905.          [Vol. 103.

PATTERSON, J. :

The plaintiff was a laborer engaged with others in moving and hoisting material used in the construction of a building in the city of New York. The party of laborers, of which the plaintiff was one, was called a "bull gang," and worked under a foreman named Auer. The foreman was also called a "pusher." The defendants were contractors for part of the work and, in connection with the construction of the building, a smokestack was being erected which was to consist of bent steel plates to be placed one above the other in their appropriate positions. At the time of the accident which gives rise to this action the plates were lying on the ground in a pile at a distance of some forty feet from the building, and in order to get them to the place at which they were to be used they were swung over by means of a derrick. It appears from the evidence that the moving was accomplished by attaching to a single plate a line extending from the boom of the derrick; the plate was by means of that line and the derrick pulled from the pile and moved along, its motion being controlled by another line attached to the plate by means of which it was steadied and kept from swinging. This second line was called a "snub line." In the operation of moving this material and in the use of the snub line, it became necessary to resort to what by way of general designation is called a "snubbing post." That is to say, when the weight of the object being moved became so great that the person holding or operating the snub line could not by his own strength control the movement of the material, he followed the custom of taking a turn of the snub line around an object which would further steady the material being moved. At the time mentioned in the complaint the plaintiff was standing between the pile of steel plates and a steel door frame, which was also to be used in the construction of the building. A plate was being taken from the pile to be moved to the point at which it was to be used, and the snub line was under the control of one Morris, also a laborer on the work. Auer, the "pusher," told Morris to take a snub around a steel door frame weighing about 900 pounds, which was lying on skids at a distance of about five feet from the steel plates. This steel door frame was thus used as a snubbing post. A snub was taken. The plaintiff was standing by the plates and about three or four feet from the steel door frame

when the engine was started, a strain was put upon the derrick rope, the plate was dragged along the top of the pile and the door frame was "pulled over" and struck the plaintiff on his leg, causing the injuries of which he complains. He recovered a verdict, and from the judgment entered thereon and from an order denying a motion for a new trial the defendants appeal.

The plaintiff's theory of the action is that the defendants as employers failed to furnish a proper snubbing post; that the cause of the accident was the insufficiency of the door frame for the purposes of a snubbing post; that under section 18 of the Labor Law (Laws of 1897, chap. 415) the defendants are liable for a violation of a duty to furnish a sufficient snubbing post. It is conceded that no liability would exist in this case but for the provisions of section 18 of the Labor Law. It is not necessary to consider now the contention of the defendants that the provisions of that section do not require an employer to furnish scaffolds, hoists and other appliances for workmen, but merely require that where the master does provide such adjuncts, contrivances and appliances he may not provide or cause to be provided such as are insufficient, unsuitable or improper for the work to be performed. Nor is it necessary to consider whether, with relation to the particular work that was being done when the plaintiff was injured, the steel door frame should be considered as a mechanical appliance within the meaning of section 18 of the Labor Law. The evidence is convincing upon the point that the use for a "snub" of material lying about was in this case a mere detail of the work, and that the selection of that object for the purpose of a snubbing post was a matter which rested with the workmen themselves. It is apparent from this record that the court regarded the crucial question as being whether taking a snub was a detail of the work or whether to furnish a snub was to furnish an appliance with which to do the work. The learned judge said: "I think the whole case will turn on that question. If taking a snub was part of the work which the man was employed to do and if a man would take a snub on his own opinion there is no liability." In charging the jury the learned justice did not distinctly state that the issue of fact was as to the taking of a snub being a detail of the work, although in answer to one of the requests of the

FIRST DEPARTMENT, APRIL, 1905.                    [Vol. 103.

defendants to charge the jury, he said, " I do not charge you that selecting the snubbing post was a detail of the work."

Without considering several of the questions which were discussed on this appeal, the record discloses that the verdict is against the weight of evidence concerning the selection of snubbing posts being a matter of detail of the work or a duty incumbent upon the master. The great preponderance of evidence is to the effect that where the movement of material is to be checked or controlled in the process of hoisting, permanent snubbing posts are not always provided by the master and that the servants or employees or laborers themselves select that which seems to be in their judgment best adapted to the purpose. It may readily be understood that in the movement of certain kinds of material, permanent snubbing posts would be necessary, but where there is a shifting and constant change of position from point to point of building material, it is customary, according to the evidence, for the person engaged in the work to select his own snub. Martin Anderson, one of the plaintiff's witnesses, testified that snubbing is a very ordinary every day device, and that he had taken snubs around hydrants, or girders lying on the ground or anything that was conveniently at hand ; and that he had seen a snub taken around a man's leg. Schuchardt testified that snubbing is done wherever the particular object happens to be, and that he had seen it taken around objects convenient to the point at which the work was going on ; that is, objects that would allow an easy way of tying the rope around. Waterbury, the defendants' superintendent, testified that snubs are taken around almost anything ; for instance around the hub of a wheel ; anything that was handy, and any member of the gang would determine in his judgment whatever would answer the purpose. It was a common custom, according to this witness, for each man to select his own snubbing post, and to take a snub around anything that he thought would hold the load. Erickson testified that taking snubs is part of the work that the " bull gang," does when it is necessary and the man who takes the snub takes it wherever the foreman tells him. Sometimes he selects the place himself, if he sees fit. Auer, the " pusher," testified that if snubs were to be taken they were as a rule to be selected by the particular man who wanted the snub. It also appeared in evidence that the master here furnished material

that could be used for snubbing posts if required. The material was at hand and was suitable for the purpose of providing snubbing posts and shovels and picks were there and whatever was needed to dig a hole.

I think this judgment should be reversed and a new trial ordered on the ground that the verdict is against the great weight of evidence, which shows that the selection of this steel frame for snubbing purposes was a detail of the work and the defendants are not liable for a mistake of judgment on the part of Auer in directing a snub to be taken around an object which turned out to be insufficient to resist the strain put upon it.

The judgment and order should be reversed and a new trial ordered, with costs to appellants to abide the event.

VAN BRUNT, P. J., O'BRIEN, HATCH and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.